UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MACDERMID PRINTING SOLUTIONS LLC | : : : | CIVIL ACTION NO. 3:08-CV-01649 (AVC) |
| Plaintiff, | : : | |
| V. | : : | |
| CORTRON CORPORATION | : : | January 8, 2009 |
| Defendant. | : : | |

## SECOND AMENDED COMPLAINT

MacDermid Printing Solutions, LLC, for its second amended complaint against Cortron Corporation, alleges as follows:

### FIRST COUNT – BREACH OF CONTRACT

1. The plaintiff MacDermid Printing Solutions, LLC (hereafter "MacDermid") is a corporation with an office and place of business in Waterbury, Connecticut.

2. The defendant Cortron Corporation (hereafter "Cortron") is a Minnesota corporation with an office and principal place of business in 7855 Ranchers Road, Minneapolis, Minnesota 55432.

3. MacDermid has expertise and extensive intellectual property regarding, and is in the business of selling, photopolymer products and processing equipment (thermal and otherwise).

CARMODY & TORRANCE LLP
Attorneys at Law
{W1666723}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

4.  Cortron has expertise and extensive intellectual property regarding, and is in the business of selling, mercury plasma light sources for use in exposure equipment.

5.  On or about November 10, 2004, MacDermid and Cortron entered into a Joint Development Agreement that was amended on September 27, 2005 (hereafter the foregoing agreement as amended is referred to as "Agreement") through which they proposed to cooperate in the development of certain products.

6.  The intellectual property to be developed under the Agreement was divided into three categories:

> Photopolymer Technology means all technology and intellectual property related to photopolymer compositions, use of photopolymers in the manufacture of printing plates, <u>processing of photopolymers (including solvent or thermal development)</u> post-exposure, exposure and detackifications. [Emphasis added].

> Light Source Technology means all technology and intellectual property related to mercury plasma light sources and their use in photopolymer light exposing and finishing.

> Joint Technology means all intellectual property developed jointly by both parties during the term of this Agreement, <u>excluding Photopolymer Technology and Light Source Technology.</u> [Emphasis added].

7.  The Agreement assigned all Photopolymer Technology, which explicitly included all technology and intellectual property related to processing of photopolymers (including solvent or thermal development), solely to MacDermid, regardless of which party developed it.

CARMODY & TORRANCE LLP
Attorneys at Law
{W1666723}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

2

8. The Agreement provided that all Joint Technology shall belong to both parties without restriction, other than as specifically provided in the Agreement. Further Joint Technology was not to be licensed or transferred without the prior written consent of the other party.

9. Cortron and its employees performed development and design work under the Agreement on behalf of MacDermid and were fully paid for that work by MacDermid.

10. Certain intellectual property referred to as the "anvil equipment design" was specifically designated as Joint Technology.

11. Under the Agreement, Cortron developed certain intellectual property, including without limitation that reflected in at least portions of U.S. Patent Application No. 11/988,582 filed on January 10, 2008 (PCT/US2006/028081) (the "Patent Application"), that belongs solely to MacDermid either because it is Photopolymer Technology and/or it was developed by Cortron on behalf of MacDermid, and Cortron was fully paid for such work.

12. Under the Agreement, Cortron developed certain intellectual property, including without limitation at least parts of the inventions reflected in the Patent Application, that belong jointly to MacDermid and Cortron because it is Joint Technology.

13. Cortron has failed and/or refused to provide and/or assign certain Photopolymer Technology and Joint Technology to MacDermid.

CARMODY & TORRANCE LLP
Attorneys at Law
{W1666723}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

3

14. Cortron has inappropriately threatened to sell or license certain Photopolymer Technology and/or Joint Technology to third parties.

15. Cortron agreed and represented that the development work to be conducted under the Agreement and the designs and equipment produced pursuant to the Agreement would meet the specifications attached to the Agreement as Schedule 12.

16. Cortron agreed to conduct all work under the Agreement in an expeditious, professional and reliable manner and to meet a specified design schedule with time being of the essence.

17. Cortron agreed to manufacture and sell to MacDermid the equipment designed in accordance with the work conducted under Section 12 of the Agreement and meeting the specifications provided for in Schedule 12 of the Agreement.

18. The parties agreed that neither party would manufacture products which embody Joint Technology for any entity other than MacDermid or MacDermid's customers without the consent of the other party.

19. The parties agreed that Cortron would safeguard the proprietary information of MacDermid, specifically including its technical and/or business information, innovations, improvements, formulae, trade-secrets, processes, machines, specifications, drawings, plans, samples, molds, computer programs, research reports, information relating to products or manufacturing capabilities, costs, profits, sales, lists of customers, business methods, and plans for the future.

CARMODY & TORRANCE LLP  
Attorneys at Law  
{W1666723}  
50 Leavenworth Street  
Post Office Box 1110  
Waterbury, CT 06721-1110  
Telephone: 203 573-1200  

4

20. MacDermid paid Cortron for certain work and equipment under the Agreement which Cortron later refused to perform and/or deliver, and as a result Cortron owes MacDermid $123,000.00.

21. In addition to the amount owed to MacDermid as alleged in paragraph 20, Cortron also refused to deliver to MacDermid equipment, related to an experimental hot roll and ventilation system, as well as engineering drawings representing all of the work performed by Cortron for MacDermid, that MacDermid fully paid Cortron for.

22. MacDermid has complied with the terms of the Agreement. The Agreement and particular relevant terms of the Agreement remain in force.

23. MacDermid has relied upon Cortron's compliance with the terms of the Agreement.

24. MacDermid has invested significant sums of money in Cortron's compliance with the terms of the Agreement.

25. Upon information and belief, Cortron conspired with a competitor of MacDermid in furtherance of a scheme that was known by Cortron to cause substantial damage to MacDermid and its interests; and MacDermid was in fact damaged by this scheme, as set forth below.

26. Cortron breached its obligations under the Agreement, in one or more of the following respects:

   a. It has failed and refused to manufacture the equipment;

CARMODY & TORRANCE LLP
Attorneys at Law
{W1666723}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

5

    b.      It has failed and refused to service the equipment;

    c.      It has failed and refused to provide parts for the equipment;

    d.      It has failed and refused to provide warranty protection for the equipment;

    e.      It has failed and refused to develop the Joint Technology;

    f.      It has failed to safeguard and protect the technology, intellectual property and proprietary information of MacDermid, Cortron and the joint enterprise;

    g.      It has failed and/or refused to provide and/or assign certain Photopolymer Technology and Joint Technology to MacDermid;

    h.      It failed to provide equipment that met the specifications and/or time schedule provided in the Agreement;

    i.      It has acted in bad faith in relation to it's contractual obligations to MacDermid alone, and in conspiring with a competitor of MacDermid;

    j.      It failed to conduct its work under the Agreement in an expeditious, professional and reliable manner and has breach the implied covenant of good faith and fair dealing with MacDermid;

    k.      It has failed to refund to MacDermid $123,000.00; and

    l.      It has failed to deliver to MacDermid equipment and engineering drawings for which MacDermid has fully paid Cortron.

27.    On or about April 14, 2005, MacDermid and Cortron entered into another agreement (the "Manufacturing Agreement") through which they agreed to cooperate in the manufacture of certain equipment.

CARMODY & TORRANCE LLP
Attorneys at Law
{W1666723}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

6

28. Under the Manufacturing Agreement, MacDermid supplied to Cortron, among other things, engineering drawings, equipment designs, assembly instructions and equipment performance specifications.

29. Under the Manufacturing Agreement Cortron agreed to manufacture the equipment exclusively for MacDermid.

30. Under the Manufacturing Agreement Cortron agreed to safeguard MacDermid's proprietary information and agreed:

   a. not to disclose MacDermid's proprietary information to any third party;

   b. not to use MacDermid's proprietary information for the benefit of any third party; and

   c. not to use MacDermid's proprietary information in any way other than to perform obligations under the Manufacturing Agreement.

31. Under the Manufacturing Agreement, Cortron agreed that title and ownership to all intellectual property and proprietary information supplied by MacDermid will remain solely with MacDermid and no license or authority to utilize such was provided under the Manufacturing Agreement.

32. Under the Manufacturing Agreement, Cortron agreed not to disclose the existence of the manufacturing relationship with MacDermid, or the fact that equipment is manufactured by Cortron, to any third party except in certain specifically limited circumstances.

CARMODY & TORRANCE LLP
Attorneys at Law
{W1666723}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

7

33. Upon information and belief, Cortron breached the Manufacturing Agreement in one or more of the following respects:

    a. It failed to properly safeguard MacDermid's proprietary information;

    b. It used MacDermid proprietary information in a manner other than performing its obligations under the Manufacturing Agreement;

    c. It has improperly interfered with MacDermid's title and ownership to MacDermid's intellectual property and proprietary information;

    d. It has acted in bad faith in relation to its contractual obligations to MacDermid; and

    e. It has breached the implied covenant of good faith and fair dealing with MacDermid.

34. MacDermid has been damaged by these breaches.

35. The parties agreed that their Agreement and Manufacturing Agreement shall be governed by the laws of the State of Connecticut, without reference to choice or conflict of law rules otherwise applicable.

36. The parties agreed that the Connecticut state or federal courts shall have sole and exclusive jurisdiction to resolve any interpretation, construction, breach, dispute or other controversy arising out of, connected with or associated with the Agreement and the Manufacturing Agreement.

CARMODY & TORRANCE LLP  50 Leavenworth Street
Attorneys at Law  Post Office Box 1110
{W1666723}  Waterbury, CT 06721-1110
Telephone: 203 573-1200

8

37.     Cortron, in the Agreement and the Manufacturing Agreement, consented to the sole and exclusive jurisdiction of Connecticut's state and federal courts.

## SECOND COUNT--AGREEMENT IN RESTRAINT OF TRADE IN VIOLATION OF 15 U.S.C. § 1

1.-37.    The allegations set forth in Paragraphs 1 through 37 of the First Count are hereby made Paragraphs 1 through 37 of this Second Count as if more fully set forth.

38.    Upon information and belief, Cortron and E.I. DuPont De Nemours & Company ("DuPont") entered into an agreement shortly before June 17, 2008 ("Cortron – DuPont Agreement"), pursuant to which Cortron agreed to cease manufacturing and servicing the processing equipment that is the subject of the Manufacturing Agreement, which processing equipment is used by MacDermid to treat, process, or develop flexographic printing elements.

39.    On or about July 30, 2008, DuPont issued a press release announcing the Cortron-DuPont Agreement and stating that pursuant to the Cortron-DuPont Agreement, Cortron had agreed " to immediately cease manufacturing" the thermal processing equipment sold by MacDermid and "to immediately discontinue providing all service, spare parts, and technical support for" such equipment. This announcement put MacDermid's actual and potential customers on notice that

CARMODY & TORRANCE LLP
Attorneys at Law
{W1666723}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

9

MacDermid had lost its supply source for thermal processing equipment, causing harm to MacDermid in the market for thermal processing equipment.

40. Upon information and belief, DuPont holds a market share of at least 90 percent of the market for the provision of equipment used to thermally process digitally laser imaged flexographic printing plates in the United States (the "thermal processor market").

41. DuPont does not sell its thermal processors. Instead, it requires its customers to lease its thermal processors and to purchase all of their thermal plates from DuPont.

42. Upon information and belief, DuPont also holds a market share of at least 60 percent of the market for digitally laser imaged flexographic printing plates in the United States (the "plate market").

43. Cortron knew or should have known that MacDermid is the only competitor of DuPont in the thermal processor market; and that MacDermid is one of only a small number of competitors of DuPont in the plate market.

44. Cortron knew or should have known that MacDermid's supply of a thermal processor is necessary for MacDermid to compete with DuPont in the thermal processor market and in the plate market.

45. Cortron knew or should have known that as a direct consequence of the Cortron-DuPont Agreement, MacDermid will be unable to compete effectively with DuPont in the thermal processor or plate markets.

CARMODY & TORRANCE LLP   50 Leavenworth Street
Attorneys at Law         Post Office Box 1110
{W1660723}               Waterbury, CT 06721-1110
                         Telephone: 203 573-1200

10

46. Cortron knew or should have known that because MacDermid is DuPont's only competitor in the thermal processor market, the Cortron-DuPont Agreement will enable DuPont to control 100 percent of the thermal processor market, and therefore has had and will in the future have an adverse effect on competition in the thermal processor market as a whole.

47. Cortron knew or should have known that because DuPont requires customers to lease its thermal processors and to purchase all of their thermal plates from DuPont, the Cortron-DuPont Agreement has had and will in the future have an adverse effect on competition in the thermal plate market as a whole.

48. Upon information and belief, the intent and effect of the Cortron – DuPont Agreement is to eliminate or unreasonably restrain MacDermid from competing in the thermal processor and plate markets, which constitutes an unreasonable restraint of trade.

49. Cortron's conduct as alleged has caused injury to MacDermid including, but not limited to, causing MacDermid to be unable to compete effectively in the thermal processor and plate markets; and Cortron's conduct has had and will have in the future an adverse effect on competition in these markets as a whole.

50. The Cortron-DuPont Agreement is therefore an agreement in restraint of trade in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

51. In light of the foregoing, a judgment should enter in favor of MacDermid against Cortron with an award of damages, including threefold damages,

CARMODY & TORRANCE LLP
Attorneys at Law
{W1666723}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

11

punitive damages, costs, attorney fees and such other and further relief as may be available in law or equity or as this Court deems just and proper.

### THIRD COUNT – VIOLATION OF CONNECTICUT ANTITRUST ACT, CONN. GEN. STAT. § 35-26

1. - 49.   Paragraphs 1 though 49 of the Second Count are hereby made paragraphs 1 through 49 of this Third Count as if more fully set forth.

50.   Cortron's agreement with DuPont is, therefore, an agreement in restraint of trade, in violation of Section 35-26 of the Connecticut Antitrust Act.

### FOURTH COUNT – VIOLATION OF CONNECTICUT ANTITRUST ACT, CONN. GEN. STAT. § 35-28

1. - 49.   Paragraphs 1 - 49 of the Second Count are hereby made paragraphs 1 - 49 of this Fourth Count, as if more fully set forth.

50.   Upon information and belief, the Cortron-DuPont Agreement had the purpose and/or effect of controlling, limiting and/or discontinuing MacDermid's sale and/or supply of equipment used to thermally process digitally laser imaged flexographic printing plates, in violation of Conn. Gen. Stat. § 35-28(b).

51.   Upon information and belief, the Cortron-DuPont Agreement as alleged constitutes a "concerted refusal to deal" with MacDermid, in violation of Conn. Gen. Stat. § 35-28(d).

52.   Cortron's conduct as alleged caused injury to MacDermid including, but not limited to, causing MacDermid to be unable to compete effectively in the

CARMODY & TORRANCE LLP
Attorneys at Law
{W1666723}

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

12

thermal processor market; and Cortron's conduct has had and will in the future have an adverse effect on competition in this market as a whole.

### FIFTH COUNT – VIOLATION OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT

1. - 52.   Paragraphs 1 through 49 of the Third Court and Paragraphs 50 through 52 of the Fourth Count are hereby made paragraphs 1 through 52 of this Fifth Count, as if more fully set forth.

53.   Cortron's conduct as alleged in Counts One through Four constitutes unfair trade practice(s) within the meaning of Connecticut General Statutes §§42-110a, et. seq. Cortron's conduct in breaching its Agreements with MacDermid, entering into the agreement with DuPont under the circumstances then and there existing, unreasonably restraining trade, and refusing to deal with MacDermid, amounts to unfair methods of competition and/or deceptive acts or practices in the conduct of trade or commerce.  At a minimum, Cortron's conduct as alleged violates public policy as set forth in the Connecticut Antitrust Act.

54.   Cortron's conduct as alleged has caused MacDermid to suffer damages.

### SIXTH COUNT – DECLARATORY JUDGMENT

1-37.   Paragraphs 1 through 37 of the First Count are hereby made paragraphs 1 through 37 of this Sixth Count, as if more fully set forth.

CARMODY & TORRANCE LLP
Attorneys at Law
{W1666723}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

13

38.   An actual controversy exists regarding the ownership of and rights to certain Photopolymer Technology and Joint Technology, including without limitation the Patent Application.

39.   All Photopolymer Technology, including without limitation at least portions of the Patent Application, belong solely to MacDermid.

40.   All Joint Technology, including without limitation at least portions of the Patent Application, belong to MacDermid as a tenant in common.

41.   Cortron is prohibited from manufacturing products that embody Joint Technology for any entity other than MacDermid or MacDermid's customers.

42.   Cortron is prohibited from licensing or transferring Joint Technology or Photopolymer Technology without MacDermid's consent.

43.   All MacDermid proprietary information shared with Cortron belongs solely to MacDermid and Cortron is prohibited from using any MacDermid proprietary information for the benefit of any third party or any purpose not authorized by MacDermid.

CARMODY & TORRANCE LLP
Attorneys at Law
{W1666723}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

14

## PRAYER FOR RELIEF

WHEREFORE, plaintiff MacDermid seeks damages and equitable relief, including:

1. Monetary damages;

2. Punitive damages;

3. Statutory damages;

4. A declaration that Cortron is in breach of the Joint Development Agreement and the Manufacturing Agreement;

5. A preliminary and permanent injunction compelling Cortron to perform its contractual obligations; prohibiting it from manufacturing products that embody Joint Technology for any entity other than MacDermid or MacDermid's customers; prohibiting it from licensing or transferring Joint Technology or Photopolymer Technology without MacDermid's consent and prohibiting it from using MacDermid proprietary information for the benefit of any third party or in any manner not authorized by MacDermid.

6. A judgment determining the rights of the parties in, without limitation, the Photopolymer Technology, including without limitation portions of the Patent Application; and the Joint Technology, including without limitation portions of the Patent Application.

7. Attorney's fees and costs.

8. Such other relief as the Court may order.

CARMODY & TORRANCE LLP
Attorneys at Law
{W1666723}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

15

THE PLAINTIFF,
MACDERMID PRINTING
SOLUTIONS, LLC


By: */s/ Ann H. Rubin*
Ann H. Rubin (ct04486)
James K. Robertson, Jr. (ct05301)
Carmody & Torrance LLP
PO Box 1110
50 Leavenworth Street
Waterbury, CT  06721-1110
Phone (203) 573-1200
Fax (203) 575-2600
Email: arubin@carmodylaw.com
jrobertson@carmodylaw.com

CARMODY & TORRANCE LLP
Attorneys at Law
{W1606723}

50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MACDERMID PRINTING SOLUTIONS LLC | : : : | CIVIL ACTION NO. 3:08-CV-01649 (AVC) |
| Plaintiff, | : : | |
| V. | : : | |
| CORTRON CORPORATION | : : | January 8, 2009 |
| Defendant. | : | |

## STATEMENT OF AMOUNT IN DEMAND

Equitable relief, in addition to money damages in excess of Fifteen Thousand Dollars ($15,000), is sought herein.

> THE PLAINTIFF,
> MACDERMID PRINTING
> SOLUTIONS, LLC
>
>
> By: _/s/ Ann Rubin_
>   Ann H. Rubin (ct04486)
>   James K. Robertson, Jr. (ct05301)
>   Carmody & Torrance LLP
>   PO Box 1110
>   50 Leavenworth Street
>   Waterbury, CT  06721-1110
>   Phone (203) 573-1200
>   Fax (203) 575-2600
>   Email: arubin@carmodylaw.com
>   jrobertson@carmodylaw.com

CARMODY & TORRANCE LLP
Attorneys at Law
{W1666723}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

17

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing Second Amended Complaint was filed electronically on January 8, 2009. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*Ann H. Rubin*
Ann H. Rubin (ct04486)

CARMODY & TORRANCE LLP
Attorneys at Law
{W1666723}
50 Leavenworth Street
Post Office Box 1110
Waterbury, CT 06721-1110
Telephone: 203 573-1200

18