UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MACDERMID PRINTING SOLUTIONS, LLC, | : | Case No. 3:08-cv-01649 (MPS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CORTRON CORPORATION, | : | |
| Defendant. | : | February 11, 2015 |

_____

## AWARD OF ATTORNEY'S FEES AND OFFER-OF-COMPROMISE INTEREST

The plaintiff MacDermid Printing Solutions, LLC ("MacDermid") has moved for an award of reasonable attorney's fees and an award of offer-of-compromise interest, following a jury verdict in its favor on all counts. As detailed below, the Court grants both motions and directs the Clerk to enter judgment in the case.

### I.       Attorney's Fees

MacDermid's recovery of attorney's fees is governed by federal law as to the federal claims and governed by state law as to the state claims. *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993). Attorney's fees in connection with MacDermid's federal antitrust claim are provided for by statute. 15 U.S.C. § 15(a) ("[A]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws . . . shall recover . . . the cost of suit, including a reasonable attorney's fee."). State law also provides for attorney's fees related to MacDermid's state antitrust, computer crimes, CUTSA, and CUTPA claims.[1] Although MacDermid would

_____

[1] *Westport Taxi Serv., Inc. v. Westport Transit Dist.*, 664 A.2d 719, 742 (Conn. 1995) (state antitrust) ("Like the federal statutes, § 35–35 mandates . . . the award of attorney's fees and costs."); Conn. Gen. Stat. § 52-570b(e) (computer crimes) ("In any civil action brought under this section, the court shall award to any aggrieved person who prevails, reasonable costs and reasonable attorney's fees."); Conn. Gen. Stat. § 35-53 (CUTSA) ("[I]f the court finds wilful and malicious misappropriation, the court . . . may award reasonable attorney's fees to the prevailing party."); Conn. Gen. Stat. § 42-110g(d) (CUTPA) ("In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery.").

ordinarily not be able to recover attorney's fees for the cost of litigating a breach of contract claim, that claim overlaps with the other claims in the case for which attorney's fees are recoverable, as the jury's award makes clear. As a result, the Court will not allocate those hours separately, as it would be impracticable in this case to do so. *See Total Recycling Servs. of Ct., Inc. v. Connecticut Oil Recycling Servs., LLC*, 63 A.3d 896, 908 (Conn. 2013) ("[W]hen certain claims provide for a party's recovery of contractual attorney's fees but others do not, a party is nevertheless entitled to a full recovery of reasonable attorney's fees if an apportionment is impracticable because the claims arise from a common factual nucleus and are intertwined.").

Under federal law, "[i]n calculating attorney's fees, the district court must first determine the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—[which] creates a presumptively reasonable fee." *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014) (quotation marks omitted). "[T]he lodestar can be adjusted only by factors relevant to the determination of reasonable attorneys' fees that were not already considered in the initial lodestar calculation." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011). Under Connecticut law, courts awarding attorney's fees also begin with the lodestar figure and "may then adjust this lodestar calculation by other factors." *Conservation Comm'n of Town of Fairfield v. Red 11, LLC*, 43 A.3d 244, 256 (Conn. App. 2012).[2]

MacDermid has submitted invoices with time entries reflecting total legal fees of $2,641,587 in connection with this matter. ECF No. 469. The defendant Cortron Corporation ("Cortron") does not object to the hours or rates reflected in the invoices. ECF No. 470. The

---

[2] These factors are "(1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee for similar work in the community, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases." *Conservation Comm'n*, 43 A.3d at 256-57.

Court finds the rates and hours to be reasonable, given the complexity of the case and the length of the discovery and trial process, and finds no grounds for departing from that lodestar figure. MacDermid is therefore awarded attorney's fees in the amount of $2,641,587.

## II.     Offer-of-Compromise Interest

Cortron concedes that MacDermid is entitled to offer-of-compromise interest under Section 52-192a(c) of the Connecticut General Statutes[3] if MacDermid's total recovery exceeds MacDermid's $15 million offer of compromise. ECF No. 447, at 35-36. "This interest is mandated when the amount recovered is greater than or equal to the offer of judgment, and that amount can include interest and attorney's fees, as well as double or treble damages." *Nunno v. Wixner*, 778 A.2d 145, 153 (Conn. 2001) (internal citations omitted). "[P]unitive damages . . . are included in the calculus made to determine if a verdict equals or exceeds an offer of judgment." *Kregos v. Stone*, 872 A.2d 901, 906-07 (Conn. App. 2005). MacDermid's total recovery is $49,938,330 (comprising $19,757,854 in compensatory damages, $27,538,889 in punitive damages (which includes treble damages for the antitrust violations), and $2,641,587 in attorney's fees), which exceeds the $15 million offer of compromise. The Court must therefore calculate and award offer-of-compromise interest.

Section 52-192a "award[s] . . . interest on all amounts recovered, including interest and attorney's fees." *Nunno*, 778 A.2d at 153. Eight-percent annual interest runs from June 6, 2011, the date that MacDermid filed the offer of compromise, because the offer was filed more than eighteen months after the complaint was filed. *See* Conn. Gen. Stat. § 52-192a(c). A total of

---

[3] The statute provides as follows: "After trial the court shall examine the record to determine whether the plaintiff made an offer of compromise which the defendant failed to accept. If the court ascertains from the record that the plaintiff has recovered an amount equal to or greater than the sum certain specified in the plaintiff's offer of compromise, the court shall add to the amount so recovered eight per cent annual interest on said amount . . . . The interest shall be computed from the date the complaint in the civil action . . . was filed with the court if the offer of compromise was filed not later than eighteen months from the filing of such complaint or application. If such offer was filed later than eighteen months from the date of filing of the complaint or application, the interest shall be computed from the date the offer of compromise was filed." Conn. Gen. Stat. § 52-192a(c).

1346 days have elapsed since the offer of compromise was made, resulting in interest of

[$49,938,330 x 0.08 x (1346/365)] = $14,732,491.

**Conclusion**

MacDermid having accepted the Court's remittitur (ECF No. 468), the Court DENIES

Cortron's motion for a new trial (ECF No. 436). The Clerk is directed to enter judgment in the

amount of $64,670,821, which represents $19,757,854 in compensatory damages, $27,538,889 in

punitive damages, $2,641,587 in attorney's fees, and $14,732,491 in offer-of-compromise

interest.


**SO ORDERED** this 11th day of February, 2015, at Hartford, Connecticut.


_____/s/_____
Michael P. Shea
United States District Judge

4